**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-03086-MSK

JULIE ALLEN,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR AN AWARD OF ATTORNEY'S FEES**

---

**THIS MATTER** comes before the Court pursuant to Plaintiff Julie Allen's Unopposed Motion to Reopen Case Pursuant to Fed.R.Civ.P. 60(b)(6) for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) (**#25**).

The Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner denying her application for Social Security Disability benefits. This Court reversed the decision of the Commissioner and remanded the case for an immediate award of benefits (**#21**). The court awarded attorney fees under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,500 (**#24**).

Now, pursuant to a contingent fee agreement, the Plaintiff's counsel asks this Court to approve an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $36,700—representing $42,200 (13.34% of the $316,408 past-due benefits awarded) minus the $5,500 of fees awarded under the EAJA. The contingent fee agreement specifies that the Plaintiff will pay her attorney 25% of the past-due benefits obtained. The Defendant does not oppose this request.

1

The Tenth Circuit has ruled that a motion pursuant to Rule 60(b)(6) is appropriate for a party seeking an award under § 406(b)(1). *See McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir. 2006). Under § 406(b)(1)(A), a court can award attorney fees to a prevailing claimant if (1) it rendered a judgment favorable to the claimant, (2) the claimant was represented before the court by an attorney, and (3) the claimant was awarded past-due benefits "by reason of such judgment." The phrase "by reason of such judgment" is read broadly to include post-remand awards of past-due benefits. *McGraw,* 450 F.3d at 499-503. Notwithstanding the terms of a contingent fee agreement, a court is obligated to consider whether the fee requested is reasonable. *Id.* at 498.

As the Court noted in its Order reversing the decision of the Commissioner, Ms. Allen first filed a claim for disability insurance benefits in 2004 and appealed the Commissioner's denial of disability benefits three times. It does not appear that Ms. Allen's counsel attorney was responsible for any delays during the pendency of the case. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In addition, counsel is seeking an award for less than the amount specified in the contingent fee contract. Under these circumstances, the Court concludes that the fee requested here is reasonable.

**IT IS THEREFORE ORDERED** that the case is reopened for the limited purpose of ruling on the instant motion and shall then be closed. The Motion for an Award of Attorney

Fees (**#25**) is **GRANTED**. The Plaintiff's counsel is awarded attorney fees under 42 U.S.C. §

406(b) in the amount of $36,700.

      Dated this 26th day of January, 2015.

                                         **BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge